TAYLOR v. HIGHBERGER.

SAME v. NAUMAN.

SAME v. STOERMER.

1. **Dower**: CUT OFF BY SALE IN BANKRUPTCY. A sale by an assignee in bankruptcy of the bankrupt's land is a judicial sale thereof within the meaning of section 2440 of the Code, and bars a claim to dower therein by the widow of the bankrupt. Compare *Stidger v. Evans*, 64 Iowa, 91.

*Appeal from Keokuk District Court.*

WEDNESDAY, DECEMBER 3.

THESE actions involve the right of the plaintiff to dower in certain lands in Keokuk county. The district court held that the plaintiff had no interest in the lands, and she appeals.

*Mackey, Fonda & Mackey*, for appellant.

*G. D. Woodin*, for appellee.

ROTHROCK, CH. J.—All of the cases involve the same questions, and they are submitted on one abstract and argument, with an agreement that the decision of one shall be regarded as the final disposition of all of them. The cause was submitted to the court below upon an agreed statement of facts, from which it appears that the plaintiff was married to John M. Taylor in 1838, and continued to be his wife until his death, which occurred in 1881. After the marriage of said parties, they resided in the state of Pennsylvania, until the year 1875, when they removed to Keokuk county, in this state, where they resided until the death of Taylor. Taylor became the owner of the lands by purchase from the general government in 1854. In 1868 he mortgaged said land to one Lafever. The plaintiff did not join in the mortgage. In August, 1868, Taylor was adjudged a bankrupt upon voluntary proceedings, in the United States district

court for the Western district of Pennsylvania, and on the same day his property was assigned to one Dill, as assignee in bankruptcy. The assignment was afterwards filed for record in Keokuk county, in this state. On the thirtieth day of June, 1869, said United States court made an order to sell the real estate in question and other real estate, subject to said mortgage, and afterwards said assignee sold the land at public sale to Daniel F. Lafever, subject to said mortgage, for the sum of fifteen dollars, and executed to Lafever a deed for the same, which was filed for record in the recorder's office; and thereafter said sale was duly approved, and Taylor obtained a discharge from all his debts. The defendant is in possession of the land as a grantee under the title acquired by Lafever at the assignee's sale.

The rights of the widow in the land are to be determined by the laws of this state, without regard to the residence of her husband and herself at the time of the proceedings in bankruptcy. Under the law then and ever since in force in this state, the widow is entitled to " one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution, or any other judicial sale, and to which the wife has made no relinquishment of her right."

The question to be determined in this case is, was the sale by the assignee in bankruptcy a judicial sale, and within the statute above quoted? In *Stidger v. Evans*, 64 Iowa, 91, we held that a sale under the insolvent laws of this state was a judicial sale, and that it was a bar to any claim for dower on the part of the widow of the insolvent debtor. In that case it was insisted that the sale was not made under the direction nor subject to the approval of any court, and that, because it was not thus made, it was not a judicial sale. In this case it appears that the sale was ordered by the court, and that after it was made it was approved. We think there is no difference in principle between the case at bar and the case above cited. AFFIRMED.