# HULL *v.* DICKS.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 78. Argued November 12, 1914.—Decided January 5, 1915.

Where a resident citizen of Georgia has been duly adjudicated a bankrupt and dies after such adjudication and after the appointment, qualification and partial administration of the trustee, the estate vested in the trustee under § 70 of the Bankruptcy Act of 1898 is chargeable under § 8 of that law with the allowance for a year's support of the widow and minor children as provided by § 4041 of the Georgia Code.

The Bankruptcy Act of 1898 makes no exception to the rule that after proceedings have been commenced they are not to be abated by death of the bankrupt; and, under the proviso in § 8, the right of the widow and children in case of such death to an allowance out of what remains in the hands of the trustee, is as broad as the prohibition against abatement.

What the court may do pending the life of the bankrupt is binding on the bankrupt; and, as to such property as has been distributed prior to his death, the right of the widow and children to charge it with support under a state statute is defeated. Such allowance can only be made out of property remaining in the hands of the trustee on an order duly made in proceedings in which he, as representative of the creditors, has a right to be heard.

THE facts, which involve the construction of §§ 8 and 70 of the Bankruptcy Law of 1898 and § 4041 of the Georgia Code in regard to the allowance to be made for a year's support of the widow and children of a bankrupt dying during administration of the estate, are stated in the opinion.

*Mr. William H. Barrett* for Hull, trustee.

*Mr. B. B. McCowen,* with whom *Mr. Thomas W. Hardwick* was on the brief, for Mrs. Dicks.

MR. JUSTICE LAMAR delivered the opinion of the court.

In January, 1912, L. K. Dicks, a citizen and resident of Richmond County, Georgia, was adjudicated a bankrupt. James M. Hull, Jr., was elected Trustee and on February 5, 1912, took possession of all of the property of the bankrupt. Three weeks later L. K. Dicks died leaving a widow and four minor children. Thereafter the widow applied to the Court of Ordinary for the year's support to which the family was entitled by virtue of the provision in the Georgia Code (§ 4041) that "upon the death of any person . . . *leaving an estate,* solvent or insolvent . . . it shall be the duty of the Ordinary . . . . to appoint . . . appraisers, . . . to set apart and assign to such widow and children . . . either in property or money, a sufficiency *from the estate* for their support and maintenance for the space of twelve months." . . .

Citation issued and thereafter the Ordinary duly set apart to the family a year's support to be made out of the estate of L. K. Dicks in the hands of the Trustee in Bankruptcy. The widow subsequently applied to the Referee for an order directing the Trustee to pay over the amount so set apart. Her application was denied and that ruling was reversed by the District Court. (198 Fed. Rep. 293.) The Trustee took the case to the Circuit Court of Appeals which certified to this court the following question:

"Where a resident citizen of Georgia has been duly adjudicated a bankrupt and dies after such adjudication and after the appointment, qualification and partial administration of the trustee, is the estate vested in the trustee under § 70 of the Bankruptcy Law of 1898 chargeable under § 8 of the same law, or otherwise, with the allowance for a year's support of the widow and minor children, as provided in the laws of Georgia?"

Counsel for the appellant contends that this question should be answered in the negative. He insists that § 8 [1] of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, 549, does not create a right but, as in this case, merely preserves the right, given by the state law, to have a year's support "out of the estate" left by the husband and father. It was then argued that as the title to the property had vested in the Trustee before the death of the bankrupt, Dicks did not die "leaving an estate" and there was, therefore, no estate out of which, under the Code of Georgia, the year's support could be set apart.

This reasoning would be applicable if the widow and children were asserting rights of inheritance under the Statute of Distribution. Moreover, there would be no answer to the argument advanced if the title, which vested in the Trustee, was in its nature like that which would have been acquired if Dicks in his lifetime had made a Deed of Assignment to the Trustee. But such is not the case. For construing the statute as a whole it will be seen that while § 70 [2] (30 Stat. 565) of the Bankruptcy Act vested title in the Trustee primarily for the benefit of the creditors, there was an exception in favor of the bankrupt himself, and the transfer was also subject to a condition in favor of his family if he died before the

---

[1] "§ 8. Death or Insanity of Bankrupts.—a The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: *Provided*, That in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the State of the bankrupt's residence."

[2] "§ 70. Title to Property.—a The trustee of the estate of a bankrupt, upon his appointment and qualification . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, . . ."

proceedings ended. If the Bankrupt elected to claim a homestead the exempt property, even though it had passed to the Trustee, would, after identification and appraisal, be turned back into his possession. *Chicago &c. R. R.* v. *Hall*, 229 U. S. 511, 515. The Trustee's title was also subject to the condition that if the bankrupt died during the pendency of the proceedings, the widow and children would be entitled to receive the allowance given them by the laws of the State of his residence. This latter limitation on the Trustee's title was in connection with legislation on the subject of abatement.

For the statute seems to assume that, in the absence of a statutory provision to the contrary, the death of the bankrupt would have abated the proceedings. In that event the property, although the title thereto had been previously vested in the Trustee, would have been surrendered to the bankrupt's personal representatives, who would then have been in possession of an *estate*, out of which, under the Georgia Code, a year's support could have been set apart to the widow and children. Congress need not have made any change in the general law but, as in the act of August 19, 1841, c. 9, 5 Stat. 440, could have allowed the suit to abate on the death of the bankrupt; Or, as in the act of March 2, 1867, c. 176, 14 Stat. 517, 522, § 12, it. could have permitted without requiring, an abatement; Or, as in the act of April 4, 1800, c. 19, 2 Stat. 19, 27, § 19, it could have made a mandatory provision that the proceedings should continue if the bankrupt died "after commission sued out;" Or, it could have legislated, as in § 8 of the present statute (30 Stat. 549, § 8) where Congress went further than in any of the previous bankruptcy laws and made a universal and mandatory provision that "the death . . . of a bankrupt shall not abate the proceedings." That sweeping declaration, however, was coupled with the *Proviso* that "in case of death the widow and children shall be entitled to all

rights of dower and allowance fixed by the laws of the State of the bankrupt's residence."

Section 8 with these two clauses prevents, on the one hand, the loss and inconvenience to creditors resulting from an abatement,—while at the same time avoiding the hardship of depriving the widow and minor children of a right to which they would have been entitled, if the suit had abated on the death of the husband and father. The statute makes no exception or qualification—after the proceedings have been commenced they are not to be abated by death. And the *Proviso* clearly indicates an intention to make the preservation of the widow and children's right to the allowance as broad as the prohibition against the abatement of the suit. Inasmuch as the proceedings did not abate if the death of the bankrupt occurred after filing the petition and before the election of the Trustee, neither was the right to the allowance lost if the bankrupt died after such election and at a stage of the proceedings where the title had, by operation of law, vested in the Trustee. For such title, whenever it accrued, was subject to the condition that the assets, in the hands of the Trustee, should be charged with the payment of the allowance to which on the death of the bankrupt, the widow and children were entitled under the laws of the State of his residence.

It is claimed that, under this interpretation, if the bankrupt died after the Trustee had wholly or partially administered the estate the widow and children could still enforce their rights to a year's support out of the bankrupt estate, even if the property had passed into the hands of purchasers. But this loses sight of the fact that the family had nothing in the nature of a lien which, during his lifetime, prevented the bankrupt or the Trustee from disposing of his property. What was done by the court, while the bankrupt was in life and a party to the proceeding, was binding upon him, and therefore as effectual

to defeat the right to a year's support out of such property as if the sale and distribution had been made by the bankrupt himself or by his duly authorized agent.

The right to the year's support accrued at the date of the bankrupt's death and could be enforced out of property remaining in the hands of the Trustee,—and then only after the allowance had been duly made in proceedings, where he, as representative of the creditors, had the right to be heard.

There has been some conflict in the decisions dealing with the subject [*In re McKenzie*, 142 Fed. Rep. 383, 384 (6); *In re Slack*, 111 Fed. Rep. 523; *In re Newton*, 122 Fed. Rep. 103; *In re Seabolt*, 113 Fed. Rep. 766, 767; *In re Parschen*, 119 Fed. Rep. 976; *Thomas* v. *Woods*, 173 Fed. Rep. 585, 586; vacated, 178 Fed. Rep. 1005], but the foregoing considerations require that the question of the Circuit Court of Appeals should be answered, Yes.