## JOHNSON v. PAYNE.

Circuit Court of Appeals, Eighth Circuit.
May 4, 1928.

No. 7959.

1. **Bankruptcy** &#9756;403—**Adjudication of husband a bankrupt did not constitute "other judicial sale," divesting wife of rights to distributive share on husband's death (Code Iowa 1924, § 11990; Bankr. Act, § 8 [11 USCA § 26]).**

Adjudication of husband a bankrupt, and vesting of title to his real estate in his trustee in bankruptcy by that adjudication in trust for his creditors, did not constitute the "other judicial sale," of Code Iowa 1924, § 11990, giving wife right to one-third of property possessed by husband which has not been sold on execution or other judicial sale, and on husband's death widow was entitled to her distributive share in bankrupt husband's real estate, under Bankruptcy Act, § 8 (11 USCA § 26), providing that, in case of death, widow and children shall be entitled to all rights of dower and allowance fixed by laws of state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judicial Sale.]

2. **Executors and administrators** &#9756;174, 194 (1)—**In construing and administering statutes for allowances to widows and children, equity court should be careful to do them no injustice.**

In construction and administration of statutes enacted to preserve and protect statutory rights and interests of widow and children relating to allowance for support, courts of equity should be careful to do them no injustice.

3. **Bankruptcy** &#9756;403—**Relinquishment of wife by deeds to husband's receiver of contingent rights in husband's property became void by husband's bankruptcy proceedings (Code Iowa 1924, § 11990).**

Relinquishment of wife, by joining in husband's deeds to husband's receiver, of rights, including all her right of dower, homestead, or distributive share in property of her husband, became void and as though they had never been made, when husband's deeds became void in bankruptcy proceedings against husband, on ground that he had within four months preceding filing of petition committed an act of bankruptcy, in that while insolvent he applied for receiver of his property, and on husband's death wife could claim distributive share, under Code Iowa 1924, § 11990.

4. **Bankruptcy** &#9756;403—**That widow did not produce evidence of facts conditioning allowance for support after bankrupt's death while question was pending under appeal did not bar claim (Code Iowa 1924, § 11923).**

That widow did not produce evidence of facts conditioning her allowance for her support within 12 months of bankrupt husband's death, while question whether she was entitled to any allowance had been decided adversely and was pending under an appeal, did not bar her claim to statutory allowance under Code Iowa 1924, § 11923, since statute authorizes receipt of evidence during pendency of petition for it, and even after its allowance during pendency of application.

Appeal from the District Court of the United States for the Southern District of Iowa; George C. Scott, Judge.

Cheals W. Payne was adjudicated a bankrupt, and Jacob Johnson was appointed trustee of his estate in bankruptcy. After the bankrupt's death, Mrs. Mary A. Payne, his wife, filed with the referee in bankruptcy her petition for her distributive share of her husband's land, subject to incumbrances, and for an allowance for support for 12 months from date of bankrupt's death. The referee denied the petitioner's request, and she filed a petition for review of the order of the referee. The District Court reversed the referee's order, and granted the petition, and the trustee appeals. Affirmed, and case remanded, with directions.

George H. Mayne, of Council Bluffs, Iowa, and Andrew Bell, of Denison, Iowa, for appellant.

A. P. Barker, of Clinton, Iowa, for appellee.

Before WALTER H. SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

WALTER H. SANBORN, Circuit Judge. Cheals W. Payne was a resident and citizen of Iowa, and Mary A. Payne was his wife, on April 7, 1923. On that day suit was brought in one of the courts of the state of Iowa, and that court appointed E. B. Spottswood receiver of Mr. Payne's property, consisting of 950 acres of land in Iowa and other property. On April 7, 1923, he and his wife conveyed all this property to the receiver, Spottswood. On April 23, 1923, a petition in involuntary bankruptcy was filed against Mr. Payne by some of his creditors, on the ground, among others, that he had within four months preceding the filing of their petition committed an act of bankruptcy, in that he, while insolvent, applied for a receiver of his property and caused E. B. Spottswood to be appointed such receiver. On this petition Mr. Payne on May 11, 1923, was adjudged a bankrupt, and the appellant Jacob Johnson is the trustee of his estate in bankruptcy. On June 23, 1923, before any of the property that came to his trustee in bankruptcy had been disposed of, Mr. Payne died.

On July 17, 1923, his spouse, Mrs. Mary A. Payne, the appellant, filed with the proper referee in bankruptcy her petition, first, for her distributive share of her husband's

950 acres of land in Iowa, subject to incumbrances, pursuant to section 3366, Code of Iowa 1897, now section 11990, Code of Iowa 1924, which provides that "one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him"; and, second, that she be allowed sufficient of the property of the bankrupt of such kind as is appropriate to support her for twelve months from the time of the bankrupt's death, pursuant to section 3314 of the Code of Iowa 1897, now section 11923, Code of Iowa 1924, which provides:

"The court shall, if necessary, set off to the widow and children of the decedent under fifteen years of age, or to either, sufficient of his property, of such kind as is appropriate, to support them for twelve months from the time of his death, and may, on the petition of the widow or other person interested, review such allowance and increase or diminish the same, and make such orders in the premises as shall be right and proper."

The referee heard this petition on evidence and stipulations of fact, and denied the petitioner's request. She then filed a petition for review of the order of the referee, and the case, the evidence therein, the stipulations, and briefs of counsel were submitted to Hon. George C. Scott, United States District Judge for the Northern District of Iowa, who after consideration reversed the order of the referee and granted the petition of Mrs. Payne, and from his order the trustee has appealed.

[1] The first contention which counsel for the trustee make in support of their claim that the appellant was not entitled under section 3366, Code of Iowa 1897, to her distributive share of "one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right," is that the adjudication of her husband a bankrupt and the vesting of the title to his real estate in his trustee in bankruptcy by that adjudication in trust for his creditors constituted a judicial sale of it which divested her of all right in law or in equity to her distributive share thereof. That interpretation of this statute does not strike us as sound, just or reasonable. If by order of the bankruptcy court any of this property

had been sold by the trustee and that sale had been confirmed by that court, the position here taken might have been debatable; but the facts of this case seem to render that position clearly untenable. There was no buyer and there was no seller in the mere adjudication in bankruptcy and the appointment of the trustee whereby the title vested in the trustee for the benefit of the creditors.

Taylor v. Highberger, 65 Iowa, 134, 21 N. W. 487, cited by counsel for the trustee, was a case in which Taylor had been adjudged a bankrupt in 1868 and his property assigned to his assignee in bankruptcy. On June 30, 1869, the bankruptcy court made an order directing the assignee in bankruptcy to sell the real estate of the bankrupt in question; he sold it pursuant to the order, made a deed of it to the purchaser, he paid for it, the deed was filed for record in the recorder's office, and the sale was approved by the court. That was a judicial sale. But the record in this case discloses no such order of the court for or approval of such a sale by the court of any of the real estate of the bankrupt before the filing of the petition of the appellant in the court below for her distributive share of the real estate of her deceased husband.

Counsel for the trustee, however, earnestly argue that the adjudication in bankruptcy and the consequent transfer of the title of the real estate to the trustee for the benefit of his creditors constitutes the "other judicial sale" of section 3366 of the Code of Iowa of 1897, and they cite and rely upon the opinion of the Supreme Court in Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, and the opinions of the Supreme Court of Indiana construing certain statutes of that state in support of their argument. On the other hand, counsel for Mrs. Payne contends that section 8 of the Bankruptcy Act (11 USCA § 26) controls, and that the adjudication in bankruptcy and subsequent qualification of the trustee was not a judicial sale or equivalent thereto, within the meaning of the Iowa statute, and cite in support of their contention Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372. We have carefully read and deliberately considered the pertinent statutes of Indiana, the opinion of the Supreme Court in Taylor v. Voss, the pertinent statutes of Iowa, the arguments of counsel and the opinion of the Supreme Court in Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372, and the arguments and briefs of counsel in this case, and have become so thoroughly convinced that the opinion and decision of the question here under

consideration by Judge Scott was right, and that his reasons for it were unanswerable, that we hereby adopt them as the opinion of this court upon this issue. His opinion reads in this way:

"Section 8 of the Bankruptcy Act of 1898 provides: 'The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: Provided, that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence.'

"The particular provision of the statute of Indiana considered in Taylor v. Voss, supra, pertinent to be considered here, did not deal with the rights of a survivor on the death of a spouse.

"The Indiana statute provided: 'If a husband die * * * leaving a widow, one-third of his real estate shall descend to her in fee-simple, free from all demands of creditors: Provided, however, That where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only, as against creditors.' Rev. Stat. Ind. 1881, § 2483.

"And then again: 'In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, * * * such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband * * * shall become absolute and vested in the purchaser thereof.' Rev. Stat. Ind. 1881, §§ 2508, 2509.

"In Taylor v. Voss, supra, the latter section of the statute was invoked, it being contended that the adjudication in bankruptcy, followed by the appointment of the trustee, operated as a judicial sale, and entitled the wife of the bankrupt to her distributive share as upon the death of the bankrupt, and notwithstanding he was still in health. The Supreme Court of the United States in that connection followed the long-settled rule of the Supreme Court of Indiana, saying: 'In the absence of any conflicting provision in the Bankruptcy Act the question of a wife's interest in the bankrupt's property is governed by the local law. See Stellwagen v. Clum, 245 U. S. 605 [38 S. Ct. 215, 62 L. Ed. 507]. And, following the construction placed upon the Indiana statute by the courts of that state, we conclude that the adjudication of Erskine as a bankrupt, when followed by the appointment of the trustee in bankruptcy, operated as a 'judicial sale' of his real estate within the meaning of the statute, and made absolute his wife's interest therein.'

"Section 8 of the Bankruptcy Law was not considered in Taylor v. Voss for the obvious reason that the court was not dealing with a case involving the death of a bankrupt. The provisions of section 8 of the act could in no way conflict with the conclusion in that case.

"Counsel for petitioner among a large number of other cases cites, but does not stress, Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372. It seems to me that that case is particularly pertinent in the present instance. In that case Dicks, a resident of Georgia, was adjudicated a bankrupt; Hull was elected trustee, and took possession of the bankrupt's property; three weeks later Dicks died, leaving a surviving spouse; the spouse applied to the referee for an order directing the trustee to pay over an amount allowed by a state court of ordinary; her application was denied, and that ruling reversed by the District Court. On appeal the Circuit Court of Appeals (see 220 F. 1006) certified the following question to the Supreme Court: 'Where a resident citizen of Georgia has been duly adjudicated a bankrupt and dies after such adjudication and after the appointment, qualification and partial administration of the trustee, is the estate vested in the trustee under section 70 of the Bankruptcy Law of 1898 [11 USCA § 110] chargeable under section 8 of the same law, or otherwise, with the allowance for a year's support of the widow and minor children, as provided in the laws of Georgia?' Answering the contention of appellant, the court in Hull v. Dicks, said:

" 'Construing the statute as a whole, it will be seen that, while section 70 * * * of the Bankruptcy Act vested title in the trustee primarily for the benefit of the creditors, there was an exception in favor of the bankrupt himself, and the transfer was also subject to a condition in favor of his family if he died before the proceedings ended. If the bankrupt elected to claim a homestead the exempt property, even though it had passed to the trustee, would, after identification and appraisal, be turned back into his possession. Chicago, etc., R. R. v. Hall, 229 U. S. 511, 515 [33 S. Ct. 885 (57 L. Ed. 1306)]. The trustee's title was also subject to the condition that, if the bankrupt died during the pendency of the proceedings, the widow and

children would be entitled to receive the allowance given them by the laws of the state of his residence. This latter limitation on the trustee's title was in connection with legislation on the subject of abatement.

" 'For the statute seems to assume that, in the absence of a statutory provision to the contrary, the death of the bankrupt would have abated the proceedings. In that event the property, although the title thereto had been previously vested in the trustee, would have been surrendered to the bankrupt's personal representatives, who would then have been in possession of an estate, out of which, under the Georgia Code, a year's support could have been set apart to the widow and children. Congress need not have made any change in the general law but, as in the Act of August 19, 1841, c. 9, 5 Stat. 440, could have allowed the suit to abate on the death of the bankrupt; or, as in the Act of March 2, 1867, c. 176, 14 Stat. 517, 522, § 12, it could have permitted without requiring, an abatement; or, as in the Act of April 4, 1800, c. 19, 2 Stat. 19, 27, § 19, it could have made a mandatory provision that the proceedings should continue if the bankrupt died "after commission sued out"; or it could have legislated, as in section 8 of the present statute * * * where Congress went further than in any of the previous bankruptcy laws and made a universal and mandatory provision that "the death * * * of a bankrupt shall not abate the proceedings." That sweeping declaration, however, was coupled with the proviso that "in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence."

" 'Section 8 with these two clauses prevents, on the one hand, the loss and inconvenience to creditors resulting from an abatement, while at the same time avoiding the hardship of depriving the widow and minor children of a right to which they would have been entitled, if the suit had abated on the death of the husband and father. The statute makes no exception or qualification—after the proceedings have been commenced they are not to be abated by death. And the proviso clearly indicates an intention to make the preservation of the widow and children's right to the allowance as broad as the prohibition against the abatement of the suit. Inasmuch as the proceedings did not abate if the death of the bankrupt occurred after filing the petition and before the election of the trustee, neither was the right to the allowance lost if the bankrupt died after such election and at a stage of the proceedings where

the title had, by operation of law, vested in the trustee. For such title, whenever it accrued, was subject to the condition that the assets, in the hands of the trustee, should be charged with the payment of the allowance to which on the death of the bankrupt, the widow and children were entitled under the laws of the state of his residence.'

"It will be seen that in Hull v. Dicks the Supreme Court held that the title taken by the trustee was a conditional one; that is, subject to the conditions of the proviso in section 8. And this pertinent language will be noted: 'And the proviso clearly indicates an intention to make the preservation of the widow and children's right to the allowance as broad as the prohibition against the abatement of the suit.' Now, how could the proviso be as broad as the abatement, if the adjudication itself must be construed to defeat the proviso? Surely if the proceedings abated no judicial sale would be left, and the wife would take her distributive share in the real estate and all other allowances. Now, the proviso is 'as broad as the prohibition against the abatement of the suit,' and therefore leaves the widow and children in the same position as though the suit had abated. An entirely different situation was present in Taylor v. Voss. There the Indiana statutes merely accelerated the ripening of the widow's dower, and in no way conflicted with any provision of the Bankruptcy Act. The Supreme Court said in that case: 'In the absence of any conflicting provision in the Bankruptcy Act the question of a wife's interest in the bankrupt's property is governed by the local law.' There was no conflicting provision in the Bankruptcy Act applying to that case. But surely in the present case as in Hull v. Dicks, supra, to give the words 'or other judicial sale' in the Iowa statute the interpretation contended for would bring it in conflict with the proviso in section 8 of the Bankruptcy Act. To hold otherwise would stultify the pronouncement in Hull v. Dicks that the proviso is 'as broad as the prohibition against the abatement of the suit.'

"I am constrained to the conclusion that in the instant case the widow is entitled to her distributive share in the real estate of the bankrupt in Iowa, that being the state of the bankrupt's residence."

[2, 3] Another contention of counsel for the trustee is that the court below erred in its opinion and decree, to the effect "that the deed from the bankrupt and his wife, executed on April 7, 1923, to E. B. Spottswood, receiver, did not constitute a relinquishment and conveyance of her dower or distributive

share in the property so conveyed," and that the said deed "was annulled by said bankruptcy proceedings and conveyed nothing." On April 7, 1923, on a proper petition in a suit in one of the courts of Iowa, E. B. Spottswood was by that court appointed receiver of the real estate and other property of C. W. Payne for the benefit of his creditors. On the same day Payne and his wife made the deed, dated that day, upon which counsel for the trustee rely to defeat the allowance by the court below under said section 3314 of the Code of Iowa of 1897, "to the widow" of the bankrupt "sufficient of his property, of such kind as is appropriate to support [her] for twelve months from the time of his death." The deed of April 7, 1923, made by Mr. Payne and his wife, by its terms conveyed certain of his real estate to E. B. Spottswood, receiver, contained covenants of titles and warranties, the recital that "this deed is given for the purpose of making it convenient for E. B. Spottswood, receiver, to wind up the affairs of the grantor, C. W. Payne," and this clause: "And the said Mary A. Payne hereby relinquishes all contingent rights and distributive share in the above described premises." Mr. Payne and his wife on the same day made deeds to Mr. Spottswood, receiver, of other parts of Mr. Payne's property.

Thereupon three creditors of Mr. Payne made a petition for and secured an adjudication of the bankruptcy of Mr. Payne, on the ground that within four months from the filing of that petition and about April 7, 1923, he had, being insolvent, committed the acts of bankruptcy of making a general assignment for the benefit of his creditors to E. B. Spottswood and putting him in charge of his property. On this petition Mr. Payne was adjudicated a bankrupt under section 67e of the Bankruptcy Act (11 USCA § 107(e) and the trustee of his estate was elected on May 26, 1923. Mr. Spottswood, as receiver, thereafter conveyed all his right, title and interest in and delivered the possession of the property which he had received from Mr. Payne and his wife to the trustee in bankruptcy thereof who has since administered it.

The contention of counsel for the trustee is that, although the deeds of Mr. Payne and his wife to Mr. Spottswood, as receiver for his creditors, were voided and the title to his property was vested in the trustee in bankruptcy by his act of bankruptcy, Mrs. Payne's relinquishment in those deeds of her contingent rights and distributive share in the property to Spottswood, receiver, effected the conveyance or release of them through

Spottswood's conveyance of all his right, title and interest in the property to the trustee in bankruptcy and estopped the petitioner, Mrs. Payne, from maintaining her claim for "sufficient of his [her husband's] property * * * to support them [her] for twelve months from the time of his death."

Counsel cite in support of their position, and we have read, the opinions in First Nat. Bank v. Staake, 202 U. S. 141, 26 S. Ct. 580, 50 L. Ed. 962; Courtney v. Fidelity Trust Co. (C. C. A.) 219 F. 57, and Bush v. Export Storage Co. (C. C.) 136 F. 918; but none of them in our opinion contains a decision or ruling upon the question here under consideration. Nor does the argument of counsel here appeal forcibly to the conscience of a chancellor. The petitioner, Mrs. Payne, had under the statutes of her state a prospective contingent right to the allowance she now seeks when she signed her husband's deed to Mr. Spottswood, the receiver, an assignee whom her husband had selected to take and distribute his property to his creditors. The evidence is that she signed these deeds "for the purpose of making it convenient for E. B. Spottswood, receiver, to wind up the affairs of the grantor, C. W. Payne." They contained a relinquishment of her contingent rights and distributive share in the property described therein.

It is conceded that as against Mr. Payne and his successors in interest they became absolutely void and as though they had never been when the bankruptcy court rendered the adjudication of the bankruptcy of Mr. Payne. Bryan v. Bernheimer, 181 U. S. 188, 192, 21 S. Ct. 557 (45 L. Ed. 814); Brandt v. Mayhew (C. C. A.) 218 F. 422, 426. We find no sound reason why these deeds and the relinquishment of Mrs. Payne therein are not equally void under that adjudication as against her. She executed the deeds to assist her husband in applying his property to the payment of its debts by means of a receiver or assignee whom he had selected; she received no purchase price, no consideration, for the relinquishment she made in the deeds. No one is deprived of any right or remedy had before she signed the deeds by their avoidance by means of the act of bankruptcy. In the construction and administration of statutes enacted to preserve and protect the statutory rights and interests of widows and children courts of equity should be and are careful to do them no injustice. The opinion and conclusion of Judge Scott below that the relinquishment of Mrs. Payne by her deeds of all her contingent rights, including all her right of dower, homestead, or distributive

share in the property of her husband, became void and as though they had never been when her husband's deeds in which she joined became void, was in our opinion right, reasonable, and supported by the authorities he cites. In re Lingafelter (C. C: A.) 181 F. 24, 29, 32 L. R. A. (N. S.) 103, and cases there cited; Brandt v. Mayhew (C. C. A.) 218 F. 422, 427.

[4] Finally, counsel for the trustee insist that Mrs. Payne was and is entitled to no allowance for her support for 12 months from the time of her husband's death, because she produced no evidence in support of her petition; but the record discloses a sufficient petition for such an allowance, the denial of that petition by the referee, an adequate petition to the referee for a review of that denial, and a denial of that petition for the reason that as a matter of law she was not entitled to either a distributive share of her husband's estate, or dower in the real estate, and that she was not entitled to support for the twelve months after the death of her husband, because no evidence had been introduced as contemplated by section 11923 of the Code of Iowa of 1924 (section 3314, Code 1897), as to the real estate, or the children he left, or the character of his property. The decision of the referee that Mrs. Payne was entitled to neither distributive share, dower, nor support was filed on December 13, 1926. It certainly was not then too late for the petitioner to have made the showing contemplated by section 11923, for that section gave the court plenary power, on the petition of the widow or other persons, to review its action and change or vary the allowance.

On January 25, 1927, about 45 days after the last decision of the referee, the parties to this suit stipulated that the questions in dispute between them should be submitted to Judge Scott for decision and that they would abide by his decision. From that date until the present day there has been no opportunity for the petitioner to present evidence to the court relative to the amount and character of the allowance which she seeks for her support during the 12 months after the decease of her husband. Section 11923 contemplates and authorizes the receipt of such evidence during the pendency of the petition for it, and even after its allowance during the pendency of the application. In this state of the facts we are of the opinion that the fact that Mrs. Payne did not produce evidence of the facts conditioning her allowance for her support within 12 months of her husband's death, while the question whether she was entitled to any allowance at all had been decided adversely and was pending under an appeal, did not bar her claim, and that the court below has the power and it will be its duty after the return of this case to that court, if properly requested, to receive competent evidence and determine the amount and character of the allowance to the petitioner for her support for 12 months after the death of the bankrupt.

The orders and decrees of the court below, from which this appeal is taken, are hereby affirmed, and this case is remanded to the court below, with directions for further proceedings in accordance with the views expressed in this opinion.