## In re SEIGEL.*
### No. 21186.

District Court, N. D. Ohio, E. D.
May 21, 1931.

Hugh Wells, of Cleveland, Ohio, for petitioning creditors.

Sidney N. Weitz and Henry B. Johnson, both of Cleveland, Ohio, for trustee.

Sol J. Krohn, of Cleveland, Ohio, for bankrupt, and for Beckie Seigel on appeal.

JONES, District Judge.

The voluntary petition was filed and adjudication entered on January 2, 1931. The bankrupt claimed exemptions out of personal property which were set off to him on February 7, 1931. The trustee sold the assets of the bankrupt on February 11, 1931. Although the record does not indicate the date, it is assumed that the bankrupt died some time subsequent to the sale of the property and before March 3, 1931, when the application for the widow's allowance appears to have been filed.

*Judgment reveresed —- F. (2d) —-.

The question turns on whether the allowance is an absolute claim under section 8 of the Bankruptcy Act (11 USCA § 26), or whether such an allowance is barred by the lien of the trustee created under favor of section 47a(2) of the Bankruptcy Act, 11 USCA § 75 (a) (2). And, also, the further question whether, if such a claim may be made against property in the hands of the trustee, the status of the administration of the estate at the time of the bankrupt's decease defeats the right.

The applicant relies chiefly upon Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372. The trustee contends that the case here may readily be distinguished on the facts. Section 8 of the Bankruptcy Act bases the allowance to widows and children upon the rights fixed by the state law. It must be assumed that the Supreme Court, in Hull v. Dicks, supra, considered the provisions of the Georgia Code as controlling in determining the rights of a widow and minor children under the Bankruptcy Act. By section 47a(2) of the Bankruptcy Act the trustee has the favored position of a lien or judgment creditor. The General Code of Ohio, § 10714, provides for the order of priority for the payment of debts, of which the allowance to the widow and children is one, payable after funeral, medical, and administration expenses. Section 10716 of the Ohio General Code expressly provides that creditors' or other persons' liens shall not be affected by the distribution provided under section 10714. The laws of Georgia are different. Liens, except those for purchase moneys, are expressly subordinated to the payment of the allowance for family support. Thus, in Georgia and other states referred to, the allowance is preferred and absolute. In Ohio it is expressly made subject to liens. The status of the administration in bankruptcy at the time of the death of the bankrupt is also controlling. The right of allowance not arising until death of the bankrupt may be defeated, in any event, by the disposition of the property in the bankruptcy proceedings prior to the death of the bankrupt. This was recognized in Hull v. Dicks, supra.

It seems to me that by section 47a(2) of the Bankruptcy Act there was a lien fixed upon the personal estate of the deceased bankrupt during his lifetime, precluding the preferred allowance for the widow's and childrens' support, the right to which arose only upon the bankrupt's death.

The order of the referee will be confirmed.