## SIEGEL et v WELLS, Tee et

U. S. Circuit Court of Appeals, Sixth Circuit

No 5970.    Decided Feb 5, 1932

Sol J. Krohn, Cleveland, for Appellant, Beckie Siegel.

Sidney N. Weitz, Cleveland, for Trustee.

OPINION OF THE COURT

Before Judges MOORMAN, HICKS and HICKENLOOPER.

HICKENLOOPER, CJ.

Section 8 of the Bankruptcy Act (11 U. S. C. A. §26) provides that the death of a bankrupt shall not abate the proceedings; but that, in such case, "the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the State of the bankrupt's residence." This has been broadly construed as a grant of power, and even as the creation of a duty, upon the part of the bankruptcy court to give effect to state statutes providing for an allowance for the first year's support of the widow and children of a bankrupt when his death occurs prior to final distribution of the bankruptcy estate. Hull v Dicks, 235 U. S. 584. It manifestly operates to validate and require payment of the allowance made to the widow of the bankrupt, the appellant here, unless §10716 **GC**, prevents.

Secs 10714 and 10715 **GC** prescribe the order of payment of the debts of a decedent, including the first year's allowance, and

§10716 GC then further provides that "nothing in the next two preceding sections shall affect any lien, legal or equitable, which a creditor or other person had upon the personal estate of the deceased during his lifetime." In the court below it was thought that §47 (a) (2) of the Bankruptcy Act created a lien in the interest of creditors which, in view of §10716 GC, nullified the allowance made to the bankrupt's widow. In this we think the court was in error.

The lien created by §47 (a) is clearly in aid only of the power and duty of the trustee to collect, hold, and administer the estate of the bankrupt. It has nothing to do with matters of priority of payment, liens already held by creditors, as such, or the fiduciary capacity of the trustee. §10716, GC, on the other hand, deals solely with a lien held by a creditor "or other person" thereby entitled to possession of and satisfaction from the subject of the lien. When the trustee in bankruptcy has once reduced the property to possession and established his right to administer it, the effect of §47 (a) (2) of the Bankruptcy Act ceases, at least in so far as the establishment of adverse property rights is concerned. Thereafter the trustee holds the property for administration under and in compliance with the Bankruptcy Act, and we think that §8 of that Act independently creates a right in the widow and children of a deceased bankrupt to payment of the allowance from the assets so in the hands of the trustee. As to such assets the lien "which a creditor or other person had upon the personal estate of the deceased during his lifetime," in the true sense of §10716, GC, no longer exists except for purposes of further administration of the estate. Payment of the allowance as provided by §8 of the Bankruptcy Act is one of such purposes and should be made.

The judgment of the District Court is accordingly reversed and the cause is remanded for further proceedings.