## SIEGEL v. WELLS.
### No. 5970.

Circuit Court of Appeals, Sixth Circuit.
Feb. 5, 1932.

Sol J. Krohn, of Cleveland, Ohio, for appellant.

Sidney N. Weitz, of Cleveland, Ohio, for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Section 8 of the Bankruptcy Act (11 USCA § 26) provides that the death of a bankrupt shall not abate the proceedings, but that, in such case, "the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the State of the bankrupt's residence." This has been broadly construed as a grant of power, and even as the creation of a duty, upon the part of the bankruptcy court to give effect to state statutes providing for an allowance for the first year's support of the widow and children of a bankrupt when his death occurs prior to final distribution of the bankruptcy estate. Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372. It manifestly operates to validate and require payment of the allowance made to the widow of the bankrupt, the appellant here, unless section 10716 of the General Code of Ohio prevents.

Sections 10714 and 10715 of the General Code of Ohio prescribe the order of payment of the debts of a decedent including the first year's allowance, and section 10716 then further provides that "nothing in the next two preceding sections shall affect any lien, legal or equitable, which a creditor or other person had upon the personal estate of the deceased during his lifetime." In the court below it was thought that section 47a (2) of the Bankruptcy Act[1] created a lien in the

---

[1] This section enumerates the duties of trustees, including the duty to "(2) collect and reduce to money the property of the estates for which they are trustees * * *; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 11 USCA § 75 (a) (2).

interest of creditors which, in view of Ohio General Code § 10716, nullified the allowance made to the bankrupt's widow. In this we think the court was in error.

The lien created by § 47a is clearly in aid only of the power and duty of the trustee to collect, hold, and administer the estate of the bankrupt. It has nothing to do with matters of priority of payment, liens already held by creditors, as such, or the fiduciary capacity of the trustee. Ohio General Code, § 10716, on the other hand, deals solely with a lien held by a creditor "or other person" thereby entitled to possession of and satisfaction from the subject of the lien. When the trustee in bankruptcy has once reduced the property to possession and established his right to administer it, the effect of section 47a(2) of the Bankruptcy Act ceases, at least in so far as the establishment of adverse property rights is concerned. Thereafter the trustee holds the property for administration under and in compliance with the Bankruptcy Act, and we think that section 8 of that act independently creates a right in the widow and children of a deceased bankrupt to payment of the allowance from the assets so in the hands of the trustee. As to such assets the lien "which a creditor or other person had upon the personal estate of the deceased during his lifetime," in the true sense of Ohio General Code, § 10716, no longer exists except for purposes of further administration of the estate. Payment of the allowance as provided by section 8 of the Bankruptcy Act (11 USCA § 26) is one of such purposes and should be made.

The judgment of the District Court is accordingly reversed, and the cause is remanded for further proceedings.