# *Ex Parte* Butler-Keyser Mfg. Co.

## *Mandamus.*

(Decided June 29, 1911.  Rehearing denied Dec. 21, 1911.
56 South. 960.)

*Mandamus; Bankruptcy; Staying Action.*—Where the complaint
stated a cause of action for embezzlement in a fiduciary capacity
as an agent within the bankruptcy act, and the respondent claimed
that he was liable on the contract only, the state court properly
postponed action in its court to await proceedings in bankruptcy
against the defendant, so that if defendant obtained a discharge in
bankruptcy, the parties could litigate the question whether the li-
ability of defendant was for a breach of contract affected by the
discharge, or in tort unaffected by the discharge, and while a con-
tinuance may be the proper action, a stay of the proceedings by the
court under such circumstances will not be interfered with.

Original petition in the Supreme Court.

Mandamus by the Butler-Keyser Manufacturing Com-
pany asking for the rule against S. L. Brewer, judge of
the 5th judicial circuit, compelling him to set aside an
order staying an action pending in his court.  Rule
denied.

O. D. STREET, and RIDDLE, ELLIS, RIDDLE & PRUIT, for
appellant.  Writ for mandamus is the only proper and
adequate remedy here.—*Ex parte Mahone,* 30 Ala. 46;
*State ex rel. v. Williams,* 69 Ala. 311; *Ex parte Redd,*
73 Ala. 548; *Ex parte Bar Assn.,* 92 Ala. 113.  There
is a clear distinction between a continuance and a stay
of procedure, and this case is not at all like those of *Ex
parte R. R. Co.,* 44 Ala. 654, and *Ex parte Jones,* 66
Ala. 202.  There is no final judgment that will support
an appeal, and hence, the error could not be corrected
in that manner.—*Ex parte Tower Mfg. Co.,* 103 Ala. 415;
*Wilson v. Duncan,* 114 Ala. 673.  It is unnecessary to

consider whether a discharge would bar the relator's debt, and if it would not a stay is clearly improper.— 2 Rem. on Bankruptcy, sec. 2691; Collier on Bankruptcy, 143. The proceeding here is clearly contrary to the practice now settled by the Federal Courts.— *Lockwood v. Exch. Bank,* 190 U. S. 294; *Roden Gro. Co. v. Bacon,* C. C. A.; *In re Lewinshon,* 99 Fed. 73; *In re Castleberry,* 144 Fed. 108; *In re Brimbaugh,* 128 Fed. 971; *Ingram v. Wilson,* 125 Ala. 913. The action is by the principal against the factor under a del credere commission for the conversion of goods entrusted to his care, and against liability of this kind, no exemption can be claimed.—*Dargen v. Lunsford,* 112 Ala. 403; *Crawford v. Clayton,* 133 Ala. 393; *McDaniel v. Johnson,* 110 Ala. 526; *Wright v. Jones,* 103 Ala. 539; *Halsey v. Byrd,* 99 Fed. 525; 19 Cyc. 115, et seq.

GEORGE A. SORRELL, and LACKEY & WATKINS, for appellee. When a suit is pending in the state court on a claim that would be discharged, by the discharge of the defendant in bankruptcy, he having been adjudged a bankrupt, it is the proper practice for the state court to stay the proceedings till the Federal court passes on the application of the bankrupt for his discharge.—*In re Giester,* 3 Am. Bankruptcy Rep. 228; *Hill v. Harding,* 107 U. S.. 493. The claim disclosed by the complaint, made part of the petition, in such as would be discharged by the discharge of the defendants in bankruptcy.—*Crawford v. Burk,* 195 U. S. 176. In fact the relator in the trial of the motion to stay the proceeding admitted the fact that the discharge of the bankrupt would discharge the debt sued on. Mandamus is not the proper remedy to correct errors made by the trial court in the progress of the case in that court.—*Ex Parte Hurn,* 92 Ala. 104; *Ex Parte Hayes,* 92 Ala. 120;

*Ex Parte Woodruff,* 130 Ala. 184; *Ex Parte Colly,* 140 Ala. 193. Defendants are entitled to homestead and exemptions against all debts contracted, since the ratification of the constitution of 1901.—*Constitution of 1901,* Sec's 104-105. When the suit is for the breach of a duty growing out of a contract the action is ex contractu, and not ex delicto.—*Mobile Co. v. Randal,* 74 Ala. 170; *Wilkinson v. Mosely,* 18 Ala. 290; *White v. Levi,* 91 Ala. 178; see especially, *Royce, Allen & Co. v. Oaks,* 21 R. I., page 418. When a printed form of contract is changed the court will look specially to the change in the contract to determine the intent of the parties in making the contract.—*Thornton v. Sheffield Co.,* 84 Ala. 109; *Tub. v. Liverpool Co.,* 106 Ala. 659; *Bolman v. Lobman,* 79 Ala. 67.

MAYFIELD, J.—The petitioner brought suit in the circuit court of Coosa county against O. D. Mitchell and T. H. Mitchell, as individuals, and as partners doing business under the firm name of O. D. Mitchell & Co. The complaint contained five counts, and claimed $3,000 as damages, for the conversion of certain fertilizer which the defendants had received under contract as agents of the plaintiff, and which they held in their possession in their fiduciary capacity as such agents, alleging that, while such property was so held, they embezzled and wrongfully appropriated it to their own use. Such was the gravamen of each count. At the last term of the circuit court held for Coosa county, the defendant moved the court to stay the proceedings in this cause, in such court, until the matter of their discharge could be determined, alleging that prior thereto the defendants had been adjudicated bankrupts in the bankruptcy court at Montgomery, Ala., and that the matter of their discharge had not been heard or determined. The trial

court granted this motion, and stayed the proceedings in the circuit court, to await the discharge of the defendants in the bankruptcy court. The plaintiff excepted to this action of the court, and applies to this court for an original mandamus, to the judge of said circuit court, commanding him to set aside and annul the order, made in the circuit court, staying the proceedings to await the discharge of defendants in bankruptcy. The judge of that court has waived notice and the rule nisi to show cause, and has demurred to and answered the petition for mandamus; and the cause is submitted upon petition, demurrer, and answer.

It is contended by petitioner that its action in the circuit court is in tort, and therefore one against which the defendants have no right to claim exemption as to either personalty or realty; and that, exemptions having been awarded or allotted to the defendants in the bankruptcy proceedings, if it is allowed to prosecute its suit to judgment, it can have such judgment satisfied by levy upon and sale of the property so exempt to the defendants; but that, if the suit in the circuit court is stayed until the defendants are discharged by the bankruptcy court, such discharge will be a defense to the suit in the circuit court, and plaintiff will be deprived, not only of the benefit of its judgment, but of the effects thereof.

It is also contended by the petitioner that, under the considerations above set out, it is the duty of the bankruptcy court to stay the proceedings to discharge the defendants until the plaintiff can prosecute its suit in the law court to judgment; and thus enable it to subject the exempt property to the satisfaction of such judgment.

The petitioner relies upon the case of *Lockwood v. Exchange Bank*, 190 U. S. 294, 23 Sup. Ct. 751, 47 L.

Ed. 1061, as authority for its position and contention, and to some extent and for some purposes it does support the contention of the petitioner; but, as we shall hereinafter show, it is not an authority for the granting of the mandamus prayed.

The main, if not the sole, reason assigned by petitioner as ground for mandamus in this case, is that, if the defendants procure their discharge before judgment in the circuit court, they can interpose this discharge as a defense to the action, and that it will thereby be deprived of its proper and timely remedy. If this were true—that the discharge in the bankruptcy court would be a defense to the action in the circuit court, and would therefore deprive the petitioners of their remedy and of the effects of their judgment, if obtained—it would be a strong reason why this court should award the mandamus as prayed, and also a strong reason why the federal court should stay the proceedings until the plaintiff could obtain its judgment, and thereby subject the exempt property; but, as before stated, this is not true. It is shown by an exhibit to the petition for mandamus—what we have before stated—that the cause of action which the plaintiff sues upon is a claim, demand, or liability upon which the defendants will not be discharged by virtue of the bankruptcy proceedings; and that such discharge in bankruptcy will be no defense to the action in the circuit court, if in fact it be such, as alleged in the complaint and as contended by the petitioner.

Section 17 of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), enumerates the debts, claims, or demands which are not affected by a discharge in bankruptcy. The fourth class of claims enumerated in this section is as follows: or "(4) were created by fraud, embezzlement, misappro-

priation, or defalcation while acting as an officer or in any other fiduciary capacity."

So, clearly, if the defendants are liable in the manner and form charged in the petition, or as for the default, embezzlement, and misappropriation, as contended by the petitioner, then the discharge will be no defense to such action against the bankrupts, and a matter of no concern to petitioner.

On the other hand, if they should be liable in contract only, as is claimed by the defendants, then a judgment, if obtained, would be of no value or service to the plaintiff, nor of detriment to the defendants, so far as homestead exemption is concerned; and it is this homestead only that the petitioner claims it has a right to subject to its debt.

This being true, it was very proper for the circuit court to stay the proceedings until the question of discharge is adjudged in the bankruptcy court, for the reason that the rights and liabilities of the parties will then be at least determined; and the parties to the suit in the circuit court will then have the question determined as to whether the liability (if any) was for a breach of contract merely, as is contended by the defendants or whether it was in tort, as for fraud, embezzlement, misappropriation, or defalcation, while acting as an officer or in a fiduciary capacity, as is alleged and contended by plaintiff.

It would have been the better practice for the trial court to merely continue the cause in the circuit court until the next term, or for some reasonable time, to await the determination of the proceedings in the bankruptcy court, rather than to stay the proceedings. But as the stay will not defeat or affect any right or remedy which the plaintiff may have against the defendants further than to cause delay (which, of course, would

have been likewise occasioned by a continuance), we will not award the mandamus. It would be futile and vain, and might impede or embarrass the proceedings in the federal court.

Mandamus is denied.

DOWDELL, C. J., and SIMPSON, and McCLELLAN, J. J., concur.

