## In re SOLOMON.

### (District Court, M. D. Alabama, E. D., at Opelika.)

**Bankruptcy ⬅️399(2)—Exemptions may be withheld to permit garnishment of trustee by creditor claiming waiver of exemptions.**

While the correct practice, where a creditor claims a waiver of exemptions by bankrupt, is to allow and set aside the exemptions, and withhold discharge until the creditor can enforce his rights in the state courts, an order of a referee requiring the trustee to withhold the exemptions for a reasonable time, to permit garnishment proceedings to be instituted against him in a state court, is not improper.

In Bankruptcy. In the matter of S. R. Solomon, bankrupt. On petition by bankrupt to review order of referee. Petition denied.

Sternfeld & Lobman, of Montgomery, Ala., for petitioning creditor. N. D. Denson & Sons, of Opelika, Ala., for bankrupt.

CLAYTON, District Judge. The bankrupt seeks review of the referee's order holding up the payment of exemptions and permitting the trustee to be garnished in suit instituted in the state court for the purpose of determining the right of creditor to subject exemptions of the bankrupt under the terms of an instrument purporting to contain a waiver of exemptions. The counsel for the bankrupt insists that the trustee ought not to be subjected to garnishment, and that the order of the referee directing that the trustee withhold payment of the exemptions amounts to administration of exempt property, over which courts of bankruptcy have no jurisdiction.

The correct practice in United States courts as to exemptions is set forth in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. In this case it was held that the exemptions should be set aside and allowed, and that the bankrupt's discharge should be withheld to permit proceedings to be instituted in such state court as has jurisdiction, to subject the exempt property to the claim of creditors holding instrument purporting to waive the exemptions of the bankrupt; in effect it is there held that a court of bankruptcy has no power to determine the sufficiency of a waiver of exemptions, but a creditor holding instrument purporting to waive exemptions is remanded to the state courts for his remedy. The Lockwood Case clearly holds that the equitable rights of a creditor holding waiver note will be respected by permitting him to enforce such rights in a proper tribunal.

While trustees in bankruptcy are court officers, they are recognized by the courts to be necessary and proper parties litigant in many court proceedings instituted in courts other than those of which they are officials. Undoubtedly receivers and trustees in bankruptcy and equity courts will be protected from needless litigation, especially in matters where the making of such officers parties defendant would interfere with the administration of trust estates or would deprive the courts appointing them of some of their rightful jurisdiction. But in this case the court of bankruptcy has no jurisdiction over the subject-matter of the suit. In such case it has been held that it is proper to permit

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the trustee to be made party defendant. In re San Gabriel Sanatorium Co., 111 Fed. 892, 50 C. C. A. 56, 7 Am. Bankr. Rep. 206. While it has no direct bearing on this case, it is illuminating as to the trend of public policy to note that Congress has determined that all receivers appointed in United States courts may be made defendants in litigation where genuine need exists therefor. Section 1048, Comp. Stat. U. S. (section 66, Judicial Code).

The requirement that the trustee withhold delivery of the exempt property of the bankrupt is not out of harmony with the implication in the Lockwood Case, supra; for it there appears that, notwithstanding the lack of jurisdiction of courts of bankruptcy to determine rights under waivers of exemption, the rights of the waiver note holding creditor are recognized, and it is not unreasonable to presume that, if the question had been presented, it would have been there held that it is not improper for courts of bankruptcy to go far enough to aid the creditor in procuring the fruits of his litigation, instead of merely permitting him to institute litigation which might be rendered fruitless by the dissipation of the subject-matter of the suit. The order of the referee, directing the withholding of the exemptions by the trustee, ought not to be substituted for the process of garnishment. If the question were presented here, it would be held that the order of the referee to the trustee to withhold exemptions should remain in force for only such time as might be necessary to permit the bringing of garnishment proceedings.

Order will be entered denying bankrupt's petition for the review of referee's findings.