## LAUDERDALE v. GRANGER. (8 Div. 263.)

(Court of Appeals of Alabama. Nov. 11, 1924.)

Bankruptcy ⬅418(3)—Referee's order permitting creditor to sue in state court on provable debt superseded by final discharge in bankruptcy.

While bankruptcy case was pending, order of referee permitting suit in state court on note was effective, and creditor could proceed under it; but subsequent order discharging bankrupt of all provable debts without exception or provision for stay superseded order of referee.

Appeal from Law and Equity Court, Franklin County; Henry D. Jones, Special Judge.

Action on note by G. W. Granger against A. Z. Lauderdale. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stell & Quillin, of Russellville, for appellant.

Bankruptcy and discharge is a complete defense and bar to a judgment against appellant in this case. Otto Young & Co. v. Howe, 150 Ala. 157, 43 So. 488; J. B. Ellis & Co. v. Mobile Co., 166 Ala. 187, 51 So. 860; Butler Cot. O. Co. v. Collins, 200 Ala. 217, 75 So. 975. A judgment or discharge in bankruptcy concludes all parties until set aside or reversed. 7 C. J. 417; 23 Cyc. 1215.

Williams & Chenault, of Russellville, for appellee.

The appellee was entitled to recover judgment under the permission granted by the referee. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061.

SAMFORD, J. The suit was on a note payable to plaintiff and executed by defendant and another May 7, 1921, and payable October 15th, after date. Defendant pleaded his discharge in bankruptcy dated March 10, 1924, prior to the judgment in this case June 11, 1924. The note sued on contained a waiver of exemptions as to personal property, and the claim is made that as to this debt there was no discharge by reason of an order of the bankrupt court in words and figures, to wit:

"Permission to Proceed.

"No. 616.

"In the District Court of the United States for the Northwestern Division of the Northern District of Alabama, in Bankruptcy.

"In the Matter of A. Z. Lauderdale, Bankrupt.

"At Huntsville in said District this the 28th day of December, 1923. "

"G. W. Granger filed this day a petition setting up that he is a creditor of the bankrupts and that his debt is evidenced by a waive note and prays leave to proceed," etc.

"The petition coming on for consideration, and no adverse interest appearing—

"It is ordered that G. W. Granger may proceed in the state courts as he may be advised, but he shall proceed no further than is authorized in case of Lockwood v. Bank, 190 U. S. Reports, page 294, and only the personal property set out and claimed as exempt in the bankrupt's schedules may be pursued and none other.

"The property set out and claimed as exempt in the bankrupt's schedules and which may be pursued under this order and said authority is described as follows: Black horse mule valued at $25.00 and one sorrell mare mule valued at $75.00. Jere Murphy, Referee, etc.

"Filed in office this 3d day of June, 1924.

"M. C. Hester, Clerk."

It will be observed that the "permission to proceed" limits the proceeding to the authority as declared in Lockwood v. Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061. When we turn to the case cited, it appears that the power of the bankrupt court over the exemptions is to set them aside and to withhold the discharge of the bankrupt, if he be otherwise entitled thereto, until a reasonable time has elapsed for the excepting creditor to assert in a state court his alleged right to subject the exempt property to the satisfaction of his claim.

The debt secured by the note sued on was a provable debt within the meaning of the Bankrupt Act, and as such became discharged by order of the United States District Court, in bankruptcy on March 10, 1924, before the trial of the instant case. 7 Corpus Juris, 396 (707) 4.

While the bankruptcy case was pending in the United States District Court, the order of the referee, permitting suit on the note, was in full force and effect, and plaintiff had a right to proceed under it; but the subsequent order of the District Court discharging the bankrupt of all his provable debts, without exception, had the effect of superseding the order of the referee. Peoples T. Co. v. Ehrhart, 56 Pa. Super. Ct. 101.

If plaintiff desired to subject the exemptions of the bankrupt in the hands of the trustee to the satisfaction of his claim as to which the bankrupt had waived his rights to exemptions, there should have been an order staying the bankrupt's discharge until

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff had a reasonable opportunity to prosecute his suit in a state court to subject such exemptions to his debt. 7 Corpus Juris, 366. In the instant case the order to proceed contains no such stay, but. on the contrary, the bankruptcy proceedings proceeded to final discharge of the bankrupt, which is conclusive. 7 Corpus Juris, 417 (739).

The court erred in rendering judgment for plaintiff. The judgment is reversed,. and the cause is remanded.

Reversed and remanded.