### BOOTH et al. v. BATES et al. (8 Div. 886.)

Supreme Court of Alabama. March 31, 1927.

**1. Judgment ⬅767—Registration of judgment failing to show names of parties thereto held insufficient to create judgment lien (Code 1923, § 7874).**

Registration of a judgment, under Code 1923, § 7874, was insufficient to create a judgment lien, where it failed to show names of all parties thereto.

**2. Execution ⬅110—Lien of execution cannot antedate issuance and delivery of execution to officer (Code 1923, § 7808).**

Under Code 1923, § 7808, lien of execution cannot antedate issuance and delivery of the execution to the officer.

**3. Bankruptcy ⬅200(4)—Lien of execution was vacated when execution debtor was adjudicated a bankrupt and title to property passed to trustee.**

Execution debtor having been adjudicated a bankrupt within four months after delivery

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of execution to the officer and before sale under execution, lien of execution was vacated and annulled by the adjudication and title of property subject to payment of debts passed to trustee which related back to adjudication.

**4. Bankruptcy ⟨⟩198—Where lien of execution was vacated by adjudication of bankruptcy judgment creditor obtained no priority.**

Where lien of execution was vacated and annulled by execution debtor's adjudication as a bankrupt, judgment lost all preference, and judgment creditor took his place among unsecured creditors.

**5. Bankruptcy ⟨⟩398(1)—As to lands claimed as exempt in bankruptcy petition, lien of execution was vacated by bankruptcy proceeding.**

Where execution debtor was adjudicated a bankrupt within four months after delivery of execution to the officer, as to portion of lands listed and claimed as exempt in bankruptcy petition, lien thereto was vacated by bankruptcy proceedings.

**6. Bankruptcy ⟨⟩395(2)—Exempt property comes under jurisdiction of bankruptcy court, trustee being charged with duty to cause it to be set apart.**

While trustee in bankruptcy does not take title to exempt property, it comes under the jurisdiction of the bankruptcy court, trustee being charged with duty in appraisement, segregation, and causing it to be set apart as exempt.

**7. Bankruptcy ⟨⟩400(1)—Exemptions determinable under state law are set apart by bankruptcy court, it having sole jurisdiction.**

When bankruptcy intervenes, exemptions, while determinable under state law, are ascertained and set apart by the bankruptcy court; it having sole jurisdiction.

**8. Bankruptcy ⟨⟩302(1)—Allegation that there were unsecured creditors of bankrupt held not essential to maintenance of bill to void execution sale of bankrupt's land.**

It is not essential to bill by trustee in bankruptcy to declare void execution sale of real estate of bankrupt to allege that there were unsecured creditors to be paid or that claims have been proved against the estate.

**9. Bankruptcy ⟨⟩303(5)—Adjudication in bankruptcy is sufficient evidence of existence of debts to support bill by trustee to avoid fraudulent conveyances.**

Adjudication in bankruptcy is sufficient evidence of existence of indebtedness to support bill in equity by bankrupt's trustee to avoid fraudulent conveyance subject to attack in the interest of creditors, both prior and subsequent to such conveyance.

**10. Bankruptcy ⟨⟩287(3)—Equity is open to trustee in bankruptcy, where cloud is cast on title to property in disregard of bankruptcy court's jurisdiction.**

Where cloud is cast on title to property in disregard of jurisdiction of bankruptcy court, title thereto being in trustee for purpose of administration, jurisdiction of equity to protect trust estates is open to trustee.

**11. Bankruptcy ⟨⟩438—Trustee holds assets against which claims are not proved in trust for bankrupt.**

If, for failure to prove claims, there remains assets of bankrupt in trustee's hands, he holds them in trust for the bankrupt.

**12. Bankruptcy ⟨⟩302(1)—Prayer to remove cloud from title to property bankrupt holds as exempt held not to deprive bill of equity.**

Where part of tract of land was set apart to bankrupt as exempt, that prayer of trustee to remove cloud on title to entire tract included land so set apart to bankrupt *held* not to deprive bill of equity.

**13. Equity ⟨⟩138—A bill is not demurrable because it prays too much.**

A bill in equity is not demurrable because it prays too much.

**14. Quieting title ⟨⟩16 — Right to remove cloud on homestead is in owner thereof.**

Right in equity to have cloud on title to homestead removed is in the owner.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Bill in equity by W. R. James, as trustee in bankruptcy of J. T. Bates, against T. F. Booth, Mason Both, Van Buren Gilbert, and J. T. Bates, to remove a cloud on title to real estate; and cross-bill by defendant Bates against original defendants Booth and Gilbert. From a decree overruling demurrer to the original and cross-bills, defendants T. F. Booth and Mason Both appeal. Affirmed.

Sanders & Woodroof, of Athens, for appellants.

Exempt property never becomes assets in bankruptcy court for administration; the trustee has no concern with it. In re Edwards (D. C.) 156 F. 794.; Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061; Sieg v. Greene (C. C. A.) 225 F. 955, Ann. Cas. 1917C, 1006. A trustee in bankruptcy can only maintain a bill which would inure to the benefit of all creditors; nor can he maintain an action unless it is alleged and shown that he has not sufficient assets in his hands to satisfy claims of creditors. Stephenson v. Bird, 168 Ala. 363, 53 So. 92, Ann. Cas. 1912B, 249; Hibschman v. Bevis, 103 Wash. 317, 174 P. 5. Compliance with the state law is required in the matter of claim of exemptions. In re Exum (D. C.) 209 F. 716; In re Gerber (C. C. A.) 186 F. 693; In re Wunder (D. C.) 133 F. 821; 7 C. J. 364; Smith v. Smith, 200 Ala. 197, 75 So. 955; In re Garner (D. C.) 115 F. 200.

A. J. Harris, of Decatur, and Ben L. Britnell, of Albany, for appellees.

All levies, judgments, or other liens obtained through legal proceedings, at any time

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within four months prior to the filing of petition in bankruptcy, are vacated and annulled by the adjudication, and this though the lien is on exempt property. The title to exempt property passes to the trustee for purposes of identification, segregation, and appraisement. C., B. & Q. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306; Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372; Schrepel v. Davis (C. C. A.) 283 F. 30; In re Forbes (C. C. A.) 186 F. 79; In re Tune (D. C.) 115 F. 910.

BOULDIN, J. This is a bill in equity by a trustee in bankruptcy to declare void a sale of the real estate of the bankrupt under execution and to cancel the sheriff's deed as a cloud on the title of the trustee. The respondents are the execution creditors of the bankrupt and purchasers at the sale under their own execution. The bankrupt is also made party respondent, and filed a cross-bill seeking similar relief as to that portion of the lands set apart to him as a homestead exemption in the bankruptcy proceedings.

[1] The registration of the judgment under Code, § 7874, was insufficient to create a judgment lien for failure to show the names of all the parties to the judgment. Ladd v. Smith, 209 Ala. 114, 95 So. 280.

[2] The lien of the execution could not antedate the issuance and delivery of the execution to the officer. Code, § 7808.

[3, 4] The execution debtor being adjudicated a bankrupt within four months thereafter, and before a sale under execution, the lien of the execution was vacated and annulled by the adjudication. The title of the property subject to administration for the payment of debts passed to the trustee, which related back to the adjudication. The judgment listed in the schedule of liabilities lost all preference, and the judgment creditor took his place among unsecured creditors, his claim to be proven in bankruptcy and paid in due course as other such creditors. The sale under execution was wholly abortive and the deed a nullity.

[5, 6] As to that portion of the tract of lands listed and claimed as exempt in the bankruptcy petition, the lien was also vacated by the bankruptcy proceedings. While the trustee does not take title to exempt property, it comes under the jurisdiction of the bankruptcy court, the trustee being charged with active duties in the appraisement, segregation and causing it to be set apart as exempt. Chicago, Burlington & Quincy R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306; Hull v. Dicks, 235 U. S. 584, 35 S. Ct. 152, 59 L. Ed. 372; Schrepel v. Davis (C. C. A.) 283 F. 29; In re Forbes (C. C. A.) 186 F. 79; In re Tune (D. C.) 115 F. 910.

[7] When bankruptcy intervenes, the exemptions, while determinable under state law, are ascertained and set apart by the bankruptcy court; it has sole jurisdiction to that end. After adjudication and claim of exemptions in that court, there is no occasion to file the claim of exemptions with the levying officer under the state law. The levy is vacated as for all further proceedings under the execution. The right of a creditor holding a waiver of exemptions to proceed against the exempt property after it is set apart and surrendered to the bankrupt, under Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061, is not here involved.

[8] The right of the trustee in bankruptcy to maintain the bill is challenged for failure to aver in the bill that there are unsecured creditors of the bankrupt to be paid, or that claims have been proven against the estate —this under the general doctrine that the trustee in bankruptcy is the representative of creditors to whom he owes a duty in the administration of his trust.

[9] In this state the rule prevails that the adjudication in bankruptcy is sufficient evidence of the existence of indebtedness to support a bill in equity by the trustee to avoid fraudulent conveyances subject to attack in the interest of creditors both prior and subsequent to such conveyance. Differently stated, it is evidence of debts provable in bankruptcy, the occasion for appointment of a trustee and the vesting of title in him. Cartwright v. West, 185 Ala. 41, 64 So. 293; Riggs v. Price, 277 Mo. 333, 210 S. W. 420; Evans v. Wood, 41 Idaho, 679, 241 P. 609.

We may note that here there is no want of averment of the existence of indebtedness at the time of adjudication. The judgment involved was such demand as before shown. Whether debts have been proven or may be proven after the filing of the bill, we think not essential to the maintenance of a bill in this case.

[10, 11] A cloud cast upon the title to property in disregard of the jurisdiction of the bankrupt court, the title being and remaining in the trustee for the purpose of administration, we think the jurisdiction of equity to protect trust estates should be open to the trustee. He is not without duties to the bankrupt. In case, for failure to prove claims or their satisfaction, there remains assets in his hands, he holds in trust for the bankrupt.

Proceedings in bankruptcy aim to free the bankrupt of former obligations and to give him opportunity for a new start in life. If an equity or residue is coming to him, it is in keeping with the powers and obligations of the trustee, as well as the principles of equity, that the door be open to him to keep his title unclouded for purposes of administration, and passing it in the end free of clouds cast upon it pending bankruptcy and in disregard of the jurisdiction of the bankruptcy court. This applies to that por-

tion of the tract of land to which the trustee still holds title.

[12-14] As to the portion set apart and surrendered to the bankrupt as exempt, the trustee has no title nor further concern. The prayer, however, to remove the cloud as to this does deprive the bill of equity. A bill is not demurrable because it prays too much. The right in equity to have the cloud on the homestead removed is in the owner, and is properly presented by the cross-bill.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.