(127 So. 226)

**Ex parte JACKSON GROCERY CO.**

4 Div. 462.

Supreme Court of Alabama.

March 27, 1930.

Farmer, Merrill & Farmer, of Dothan, for appellant.

O. S. Lewis and T. E. Buntin, both of Dothan, for appellee.

GARDNER, J.

Petition for mandamus to be directed to the judge of the Twentieth judicial circuit presiding over the circuit court of Houston county.

Petitioner is a creditor of one G. H. Denson, holding notes containing a waiver of exemption as to personalty. Denson, on January 21, 1929, was adjudicated a bankrupt and scheduled his assets as a stock of goods in value not exceeding one thousand dollars, and claimed the same as exempt under the laws of Alabama. This constituted all the unincumbered personal property belonging to said bankrupt, and no receiver was appointed therefor. On February 1, 1929, petitioner brought suit in the Houston circuit court against said Denson seeking recovery on the waiver notes referred to above, after having first obtained an order from the referee in bankruptcy authorizing the institution of said suit, and further ordering the bankrupt's discharge be withheld until the determination thereof. This action of the referee was subsequently ratified and approved by the district judge. Petitioner's case in the Houston circuit court being called, on motion of defendant, was continued over plaintiff's objection, and the presiding judge declines to have the cause set for trial, entertaining the opinion the above-noted orders of the bankrupt court are without legal authority.

The argument sustaining this view is based upon the theory that the court of bankruptcy is one of limited jurisdiction, and that under the terms of the bankruptcy statute the bankrupt is entitled, as a matter of right, to his discharge unless he has brought himself within any of the defined exceptions. USCA title 11, § 32. But we consider the question foreclosed by the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 754, 47 L. Ed. 1061.

Counsel for respondent concede the language of the opinion is opposed to their view, but insist it should be disregarded as mere dictum. While the creditor in that case pursued the inappropriate course in filing exceptions to the trustee's assignment of exemptions, yet it must be conceded that a discussion of the correct method of procedure was involved and appropriately considered. In so doing, the court, in a carefully prepared opinion, pointed out the way which petitioner in the instant case has carefully followed. A reading of the opinion discloses that no denial of the right of discharge was contemplated, but the court was of the opinion that such a creditor had "an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor." And in the judgment of reversal the court was careful to remand the cause "with directions * * * to withhold the discharge of the bankrupt * * * until a reasonable time has elapsed for the excepting creditor to assert, in a state tribunal, his alleged right to subject the exempt property to the satisfaction of his claim."

It appears, therefore, that the question here presented was there given most deliberate and mature consideration, and subsequent decisions, both federal and state, have accepted the holding as the settled law. Meinhard & Bros. v. Pincus (C. C. A.) 200 F. 736; Brown v. Four-In-One-Coal Co. (C. C. A.) 286 F. 512, certiorari denied 262 U. S. 749, 43 S. Ct. 524, 67 L. Ed. 1213. The Lockwood Case was cited approvingly in Ex parte Butler-Keyser Mfg. Co., 174 Ala. 237, 56 So. 960, as shown by the decisions on page 241 of the opinion. See, also, in this connection Lauderdale v. Granger, 20 Ala. App. 356, 102 So. 148; Brown, Webb & Co. v. Woodenware Co., 210 Ala. 505, 98 So. 560.

In supplemental brief, counsel for respondent cite Ex parte McFry, 219 Ala. 492, 122 So. 641, to the effect that a moot case is here presented. We assume this insistence is rested upon averments in the answer that respondent is informed the bankrupt has disposed of the exempt property. Whether or not such alleged disposition may be held effective or petitioner may realize on any judgment recovered, is a matter for future consideration. But the foregoing does not, in our opinion, constitute the present a moot case.

In view of the foregoing authorities, we consider further discussion unnecessary, and conclude that petitioner is entitled to proceed with the trial of its case in the state court.

It results that the prayer of the petition must be granted.

Writ of mandamus awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.