6 So.2d 405

### BROWN SHOE CO. v. SCHAEFER.

#### 6 Div. 984.

Supreme Court of Alabama.

Feb. 12, 1942.

R. Dupont Thompson and Walter S. Smith, both of Birmingham, for appellant.

A. Leo Oberdorfer, W. H. McGowen, and Robt. Gordon, all of Birmingham, for appellee.

FOSTER, Justice.

The question here is the application of that feature of section 1005, Title 7, Code of. 1940, which provides that, "Personal property in the custody of a trustee in bankruptcy, exempt to the bankrupt, cannot be garnished."

In this case appellant sued Scharff on a claim of damages for obtaining the purchase by him from plaintiff of specific items of personal property by making false representations of his solvency. Such a claim is not released by a discharge in bankruptcy. Bankr.Act, § 17, 11 U.S.C.A. § 35; 6 Amer.Jur. 812, section 504.

Before that suit was filed, Scharff filed a voluntary petition in bankruptcy and was adjudged a bankrupt, and $900 in money was set apart as exempt to him, and the referee had made an order granting plaintiff leave "to proceed in the State court upon their claim or claims against the bankrupt and the property heretofore set apart as exempt." After said leave was granted, plaintiff filed the suit and had garnishment to issue to the trustee in bankruptcy. The court vacated and dismissed the garnishment on motion of the garnishee on the basis of section 1005, Title 7, Code of 1940.

Appellant insists (1) that the trial judge had no right to vacate the garnishment on motion of the garnishee; that the debtor himself is the only one who can take advantage of an exemption allowed him by law and the Constitution, and that he must do so in the manner provided by law; (2) that the money set apart to the bankrupt is not an exemption to him under the above statute, because as against plaintiff's claim, it is not exempt at all, since that claim is one for damages for obtaining property by false pretenses and is ex delicto.

In so far as the first contention above noted is concerned, we observe that the situation does not present a case where a debtor is claiming an exemption allowed by law against plaintiff's debt, when he must propound his claim in a certain way and manner, if not done before a garnishment is served. Courie v. Goodwin, 89 Ala. 569, 8 So. 9; Decatur Mercantile Co. v. Deford, 93 Ala. 347, 9 So. 454; Nunez v. Borden, 226 Ala. 381, 147 So. 166; Code of 1940, Title 7, section 651.

There is no controversy here with the debtor as to whether the funds in the hands of the trustee in bankruptcy are subject to plaintiff's debt, or whether they are exempt under the Constitution and laws of Alabama. The debtor has taken no steps in the garnishment proceeding. This he need not do, if by virtue of the above statute or the bankrupt law, the State court is without jurisdiction to issue such a garnishment.

The second contention is that the prohibition of section 1005, supra, in connection with section 1004 shows a purpose not to refer to an exemption in the custody of a trustee in bankruptcy, unless such fund is in fact exempt to the bankrupt as against the claim of plaintiff in the garnishment. We might here study the effect of the bankrupt law upon the question.

The United States Supreme Court has held that the title to the exempt

property allowed a bankrupt does not at any time vest in the trustee in bankruptcy, but that possession of such property passes to the trustee as a part of the estate of the bankrupt for the purpose of segregating, identifying and appraising it, and setting it off to the bankrupt, but not to be administered for the benefit of creditors. His custody and possession may be necessary to carry out those duties, "and all levies, seizures, and liens obtained by legal proceedings within the four months, that may or do interfere with that possession, are annulled, not only for the purpose of preventing the property passing to the trustee as a part of the estate, but for all purposes, including that of preventing their subsequent use against property that may ultimately be set aside to the bankrupt. This property is withdrawn from the possession of the trustee, not for the purpose of being subjected to such liens, but on the supposition that it needed no protection, inasmuch as they had been nullified. * * * [This] does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed." Chicago, B., etc., R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 887, 57 L.Ed. 1306; Booth v. Bates, 215 Ala. 632, 112 So. 209. And to make such proceedings effectual and to enable a creditor to obtain a judgment in a state court to enforce his rights, the bankrupt court will postpone a discharge for a reasonable time, but will not itself take jurisdiction to administer the exempt property, or to enforce claims arising from a waiver of exemptions. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Ex parte Jackson Grocery Co., 220 Ala. 638, 127 So. 226.

But when a discharge does not release a claim, such as one for damages for obtaining property by false pretenses, there would be no particular advantage in postponing a discharge to enable a creditor to prosecute a suit based on that claim. In re Warnock, D.C., 239 F. 779; In re Hartsell & Son, D.C., 140 F. 30; 6 Amer.Jur. 728, section 337, note 20.

■ The bankrupt court has not undertaken by express terms to authorize this plaintiff to cause this fund in the hands of its trustee to be garnished, but to proceed in the State court upon their claim against the bankrupt, "and the property heretofore set apart as exempt." That means, we take it, to pursue such course as is available in a State court for that purpose. Booth v. Bates, supra.

■ It is apparent that the Bankrupt Act does not interfere with a state court in the manner of enforcing a claim not released by a discharge, or when the time of discharge has been postponed, so as to subject to such claim exempt property when by state law the exemption has been waived or is not otherwise available, except insofar as it may involve a lien on the same procured by suit begun within four months before bankruptcy. Neither does the Bankrupt Act interfere with the right of the bankrupt to sell, alienate or assign his exempt property, subject to applicable principles. 8 Corpus Juris Secundum, Bankruptcy, p. 1385, § 506, note 35.

In the case of In re Solomon, D.C., 294 F. 295, 296, by D. J. Clayton, it is said: "The order of the referee, directing the withholding of the exemptions by the trustee, ought not to be substituted for the process of garnishment. If the question were presented here, it would be held that the order of the referee to the trustee to withhold exemptions should remain in force for only such time as might be necessary to permit the bringing of garnishment proceedings."

■ Undoubtedly property brought within the jurisdiction of a bankrupt court cannot be interfered with by any other court, and it has exclusive jurisdiction to hear and determine all questions respecting the right, title, interest and disposition thereof. 8 Corpus Juris Secundum, Bankruptcy, pp. 446, 447, § 29, notes 58 and 59. But it has been held that a state court has jurisdiction of a garnishment proceeding by a judgment creditor of a bankrupt against the trustee, who collected a note after it had been set apart to the bankrupt as exempt. 8 Corpus Juris Secundum, Bankruptcy, p. 1146, § 356, note 32.

■ A bankrupt estate is regarded as in custodia legis from the date of filing the petition as against subsequent garnishments, and cannot be garnished at the suit of a creditor, and some authorities hold that, even after a distribution is ordered, the fund while in the hands of the trustee is not subject to garnishment. 4 Amer.Jur. 810, section 409; 6 Amer.Jur. 772, section 403; 28 Corpus Juris 73, § 88.

But what is the situation as to property not in possession of the trustee for administration but only a duty to deliver it to the bankrupt when it has been duly claimed and allowed, and when title to the property never vested in the trustee, and after such exemption allowance has been made and ordered. It is then separated from the property of the estate and in fact never became in a true sense a part of it.

■ It is our opinion that under such circumstances a garnishment will lie insofar as there is any prohibition in the Bankrupt Act, subject to the jurisdiction of the bankrupt court to make such orders in that connection as may be necessary to preserve the power conferred on that court in respect to exempt property.

The order which was made does not in express terms consent to a garnishment, but directs that the trustee shall for ten days withhold delivery of the exempt property to the bankrupt, and it manifests a purpose not to obstruct any state court proceeding adapted to the enforcement of such rights against it as may be there available. So that the question reverts to an interpretation of that feature of the section 1005, Title 7, Code of 1940, to which we have referred.

It first made its appearance in the Code of 1923, being added by the Code Committee to section 8061. Did the Code Committee in adding that clause intend to enable a bankrupt to whom an exemption of personal property was set apart to get possession of it and put it beyond the reach of such of his creditors as had a right to subject it to their debt, either under a waiver of exemptions, or because there was no exemption allowed as to it? The Constitution, section 204, allowing the exemption of personal property, does not extend it to a tort claim. Northern v. Hanners, 121 Ala. 587, 25 So. 817, 77 Am.St.Rep. 74.

Likewise the statute, Code of 1940, Title 7, section 629, which exempts personal property from the payment of debts, has no application to a judgment in an action ex delicto. Erlenbach v. Cox, 206 Ala. 298, 89 So. 465.

■ Garnishment is a process open to a creditor with a tort claim to subject such property as is by law liable to that sort of process. Blackmon v. Gilmer, 221 Ala. 554, 130 So. 192; Code of 1940, Title 7, sections 995, 845. ·

Still there is difficulty in understanding why the clause in question was added to section 1005, supra, when by section 1004, money in the hands of an officer is subject to garnishment, and otherwise by section 1005, so was money in the hands of a trustee. We cannot think the Code Committee intended to allow one who had defrauded another out of his effects, and thereby created a liability not dischargeable by bankruptcy and as to which the law allows no exemption, to circumvent all those requirements intended to protect such creditor, and defeat the purpose of the law.

■ We think it should be interpreted to apply only to a garnishment plaintiff as to whose debt the exemption is applicable. So considered, the motion of the garnishee to vacate the garnishment should not have been sustained, nor the garnishment vacated. In doing so, the court rendered such a final judgment as is appealable. Code of 1940, Title 7, section 1029, and cases cited in the notes. It is therefore unnecessary to consider the petition for mandamus in the alternative.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.