90 So.2d 764

### Harding HARRIS

v.

### W. A. JENKINS, Jr., Judge, Intermediate Civil Court of Birmingham.

### 6 Div. 51.

Supreme Court of Alabama.

Nov. 1, 1956.

Rehearing Denied Nov. 29, 1956.

M. B. Grace, Birmingham, for appellant.

E. Ray Large, Davies & Williams, Birmingham, for appellee.

MERRILL, Justice.

On March 8, 1955, William H. Ward recovered a judgment in a tort action against Harding Harris in the Intermediate Civil Court of Birmingham, in the amount of $253. On March 15 Harris filed a petition in bankruptcy, scheduling the judgment debt. He listed among his assets a tract of real estate which he claimed was exempt as his homestead. The referee in bankruptcy entered an order setting aside as exempt the bankrupt's interest in said realty.

On March 31, 1955 William H. Ward filed a certificate of judgment in the probate office of Jefferson County in compliance with § 584 of Title 7, Code of 1940.

On May 20, 1955 Ward filed a motion in the bankruptcy court for the appointment of a trustee setting up the fact that the tort judgment was rendered against the bankrupt before his adjudication. The referee treated the petition as a request to proceed in the state court to subject property to the satisfaction of the judgment and granted the request.

On September 28, 1955 a decree was entered in the bankruptcy court discharging the bankrupt from his provable debts, except those which the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. excluded from the operation of the discharge.

On December 20, 1955 the last of three executions was issued out of the Intermediate Civil Court of Birmingham and the sheriff was directed to levy on the exempt property to satisfy the judgment.

Harding Harris filed a motion to quash the execution, which was overruled in the Intermediate Civil Court, as was his motion for a rehearing. Harris then filed a petition in the Circuit Court of Jefferson County for an alternative writ of mandamus

**318**

to Hon. W. A. Jenkins, Jr., as judge of the Intermediate Civil Court, to require him to set aside the order overruling the motion to quash the execution. His demurrer being overruled, Judge Jenkins filed an answer averring that the recorded judgment became a lien against the real property of the judgment debtor and that the discharge did not destroy or release the lien against said realty.

On May 16, 1956 the Circuit Court dismissed the petition. The petitioner appeals from that judgment.

■■ A certificate of judgment creates a lien only upon property which is subject to levy and sale under execution. Hargett v. Hovater, 244 Ala. 646, 15 So.2d 276; Majors v. Killian, 230 Ala. 531, 162 So. 289; White v. Gibson, 221 Ala. 279, 128 So. 784; Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94. When the judgment is based upon an action ex delicto, all property is subject to levy and sale under execution, because exemptions cannot be claimed from execution on a recorded tort judgment. Erlenbach v. Cox, 206 Ala. 298, 89 So. 465; Northern v. Hanners, 121 Ala. 587, 25 So. 817; Wright v. Jones, 103 Ala. 539, 15 So. 852; Vincent v. State, 74 Ala. 274; Meredith v. Holmes, 68 Ala. 190. The recorded judgment being in tort, the lien in the instant case clearly attached to the realty claimed to be exempt unless it was prevented from attaching by reason of the bankruptcy proceedings. It has been held that proceedings in bankruptcy do not destroy liens upon exempt property unless the Bankruptcy Act so provided. See Huckabee v. Stephens, 29 Ala.App. 259, 195 So. 295; Jackson v. Allen, 30 Ark. 110; Schexnailder v. Fontenot, 147 La. 467, 85 So. 207.

■ Under § 67, sub. a(1) of the Bankruptcy Act (formerly § 67(f)), 11 U.S. C.A. § 107, sub. a(1), liens are deemed null and void if obtained through judicial proceedings within four months before the filing of the petition in bankruptcy. See Chicago, Burlington & Quincy R. Co.

v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306; Brown Shoe Co. v. Schaefer, 242 Ala. 310, 6 So.2d 405; Booth v. Bates, 215 Ala. 632, 112 So. 209. This includes liens upon property which is ultimately set apart as exempt. Chicago, Burlington & Quincy R. Co. v. Hall, supra.

■■ The lien in the instant case was created pursuant to §§ 584 and 585 of Title 7, Code of 1940. § 584 provides for the filing of a certificate of judgment and § 585 makes such filing a lien upon the property of the judgment debtor. This lien attaches when the certificate is filed, which in the instant case was sixteen days after the filing of the petition in bankruptcy. There is nothing in the Bankruptcy Act which voids liens obtained subsequent to an adjudication and before the discharge, where title to the property involved remains in the bankrupt and the lien holder's claim is not otherwise satisfied.

■ Appellant insists that since the judgment was duly scheduled in the bankruptcy court, the discharge released the debtor from his legal obligation to pay the claim, which was provable and dischargeable. As an abstract proposition, that contention is correct, but a discharge in bankruptcy does not destroy a lien which is otherwise valid. This is clearly indicated in the case of Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061. The court there held that title to exempt property never passed from the bankrupt and that the bankruptcy court could do nothing to subject such property to the satisfaction of the demands of creditors. However, the Court held that it was entirely proper to postpone the discharge so that creditors could proceed against exempt property in the state tribunal. The clear import of this decision is that the bankruptcy court could allow a creditor to subject exempt property to a lien before his claim was barred by the discharge. This indicates that a claim which attaches in the interval between ad-

judication and discharge is unaffected by the discharge.

In Brown Shoe Co. v. Schaefer, 242 Ala. 310, 6 So.2d 405, 407, this court said:

"It is apparent that the Bankrupt Act does not interfere with a state court in the manner of enforcing a claim not released by a discharge, or when the time of discharge has been postponed, so as to subject to such claim exempt property when by state law the exemption has been waived or is not otherwise available, except insofar as it may involve a lien on the same procured by suit begun within four months before bankruptcy."

No reversible error appears in the record and the judgment of the Circuit Court dismissing the petition for mandamus is due to be affirmed.

Affirmed.

LAWSON, STAKELY and SPANN, JJ., concur.