In November 1973, National Structures, Inc., filed a complaint against Earnest Kiker (appellant), Durwood Rivers, and K.L. Shackleford individually and doing business as United Services Enterprises. The complaint alleged breach of contract by failure of the defendants to pay $5,937.50 for each of eight modular homes delivered to the defendants for a total of $47,500. Charles L. Howard, Jr., as "attorney for defendants," filed a motion to dismiss the complaint in April 1974, and after the motion was overruled he filed an answer and demand for jury trial on December 2, 1974. The next day, Charles M. Thompson, as attorney for Kiker, filed a motion to quash service, which was granted. Thompson, as Kiker's counsel, later filed an answer, on January 13, 1975 but was allowed to withdraw as attorney for Kiker on November 18, 1975. Kiker then sought the services of Charles Howard, who was then the attorney of record for the other two defendants. It should be noted that Kiker intimates that he had no choice in allowing Howard to represent him because Thompson withdrew as his attorney less than three weeks before *Page 747 
trial date. He also contends that he was unaware of the individual defenses that he alone possessed.
A consent judgment was entered on December 5, 1975, and was approved by attorney Howard as counsel for all three defendants. The consent judgment was in the amount of $45,000 plus costs and also provided:
(1) "Execution" on the judgment was stayed until April 1, 1976;
(2) Balance due on the judgment would be reduced to $5,000 if $25,000 was paid before April 1, 1976;
(3) The judgment would be deemed satisfied if the remaining $5,000 was paid by June 15, 1976.
After the consent judgment of December 5, 1975 was entered, National Structures, on January 12, 1976, recorded the judgment in Blount, Jefferson, and Shelby counties. Kiker alleges that between December 5, 1975 and April 1, 1976 he executed several contracts to sell real property in order to raise money to satisfy the judgment but because of the lien created by the recording of the judgment he was unable to close any sales. National Structures alleges that the judgments were recorded to prevent Kiker from divesting himself of property before satisfying the judgment. After April 1, 1976, National Structures garnished Kiker and further executed on the $45,000 judgment.
On March 21, 1976, Kiker, having retained new counsel, filed what was titled a Motion to Set Aside Judgment, contending that National Structures materially breached the terms of the consent judgment by filing the judgment in the probate office of three counties. National Structures then filed a motion to strike, arguing that the motion was not filed within the time required by Rule 59 (e) ARCP. After a hearing, the motion to strike was granted on April 12, 1976. Kiker then filed a notice of appeal from the December 5, 1975 consent judgment and from the court's ruling on his Motion to Set Aside Judgment. National Structures filed a motion to dismiss the appeal on June 30, 1976.
Kiker submits that the primary issue on this appeal is whether or not the recordation of the consent judgment by National Structures in Blount, Jefferson, and Shelby counties on January 12, 1976 constituted an "execution." It is Kiker's argument that these recordings of the judgment amounted to execution and as such violated the provisions of the consent judgment that execution would be stayed until April 1, 1976. Kiker contends that the act of recordation effectively strips a judgment debtor of ownership of all property subject to the lien created by the recording in the same manner as would an execution on the same property.
Title 7, Section 585, Alabama Code 1940 (Recompiled 1958) contains the following language.
 "Every judgment or decree, a certificate of which has been filed as provided in the preceding section, shall be a lien in the county where filed, on all property of the defendant, which is subject to levy and sale under execution * * *."
The above-quoted language indicates that there is a clear distinction between recordation and execution. While execution and recordation both create liens the steps of levy and sale are not involved in recordation while they are in execution. While proper execution could have brought into being a lien, levy and sale, recordation would have only established a lien.
The lien of execution cannot antedate issuance and delivery of the execution to the officer. Booth v. Bates, 215 Ala. 632,112 So. 209 (1927). However, the lien created by recordation can antedate the issuance and delivery of the execution to the officer.
In this case, since there were three counties involved it could have been possible to have had execution in one county and recordation of judgment in two counties or various other alternatives.
It is Kiker's contention that the creation of the lien under Title 7, § 585 is the first and most crucial step in the execution process *Page 748 
and hence is equivalent to execution. This argument cannot be sustained.
Recording a judgment is not the same as execution on a judgment. The filing of the judgment under Title 7, § 585 only creates a lien in favor of the judgment creditor and although this filing can preserve assets for the creditor, in the event an execution later occurs, filing has no other interlocking aspects with execution on the judgment.
In answer to National Structure's argument in the trial court that his Motion to Set Aside Judgment was not filed within 30 days of the consent judgment, as required by Rule 59 (e) ARCP, Kiker contends that the motion was governed by Rule 60 (b)(5) ARCP, and was thus not time barred. Kiker goes on to argue that his motion was tantamount to an independent action which in effect sought relief based on National Structures' breach of the terms of the consent judgment.
Because this court holds that recordation of a judgment is not equivalent to execution on a judgment, the basis for Kiker's motion, that National Structures breached the conditions of the consent judgment, is without merit and it is therefore unnecessary to address the question of whether Kiker's motion is governed by Rule 59 or Rule 60, ARCP.
Accordingly, this case is due to be affirmed.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.