[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14861
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-01215-AKK

ROGER SHULER,
CAROL SHULER,

Plaintiffs-Appellants,

versus

WILLIAM E. SWATEK,
MIKE MCGARITY,
CHRIS CURRY,
individually and in his official
capacity as Shelby County Sheriff,
BUBBA CAUDILL,
individually and in his official
capacity as a Shelby County deputy,
HUB HARRINGTON,
individually and in his official capacity
as Shelby County circuit judge, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 10, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Roger Shuler and Carol Shuler, proceeding pro se, appeal the district court's dismissal of their 42 U.S.C. §§ 1983, 1985 civil rights action alleging that William Swatek and Mike McGarity, both private citizens, together with Shelby County Sheriff Chris Curry, Deputy Sheriff Bubba Caudill, and Alabama Circuit Court Judge Hub Harrington, violated their federal civil rights by carrying out a sheriff's sale on their house. McGarity obtained a tort judgment of $1,525 against Roger Shuler. Shuler did not pay, and McGarity obtained a writ of execution to enforce the judgment on the Shulers' house, signed by Sheriff Curry. Judge Harrington ordered the sale of the house to proceed. A sheriff's sale of the house occurred in May, 2008, and a sheriff's deed to the property was recorded in the Shelby County Probate Court.

The Shulers then sued all five defendants, alleging that the sale violated the Equal Protection Clause by discriminating against them on the basis of personal

2

animus and because of the Shulers' political beliefs. The Shulers sought both damages and an injunction or declaration that would invalidate the sheriff's deed to their house. The district court dismissed the complaint for lack of subject matter jurisdiction and on several alternative grounds. The Shulers appeal.

## A.    Subject Matter Jurisdiction

We find no error in the district court's determination that the Rooker-Feldman doctrine precluded it from ruling on Roger Shuler's claim that the judgment against him in state court, resulting in the issuance of the writ of attachment, was invalid. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that a losing party in a state-court lawsuit may not seek an order in federal court that would "effectively nullify the state court judgment") (internal quotation marks omitted). However, Carol Shuler was not a party to the state tort action that resulted in Roger Shuler's liability to McGarity, therefore, the Rooker Feldman doctrine did not bar the district court from addressing her claims. See Lance v. Dennis, 546 U.S. 459, 464 (2006) (per curiam) (holding that Rooker Feldman does not apply "where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding").

## B.    Damages Claims Against Judge Harrington, Sheriff Curry, and Deputy Sheriff Caudill

3

Carol Shuler alleges that Judge Harrington, Sheriff Curry, and Deputy Sheriff Caudill violated the Equal Protection Clause by issuing and enforcing a writ of execution on the Shulers' house without lawful authority. However, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). Here, Judge Harrington's order issuing a writ of execution against the Shulers' house was an act taken in a judicial capacity, and Judge Harrington acted within his jurisdiction as Circuit Judge in issuing the writ of execution. See Ala. Code § 12-11-30 (jurisdiction of circuit courts); § 6-9-20 (authority to issue writ).[1] Therefore, Judge Harrington is entitled to judicial immunity against the claims seeking damages. See Sibley, 437 F.3d at 1071.

Sheriff Curry and Deputy Sheriff Caudill argue that they are entitled to quasi-judicial immunity, which applies to law enforcement officers engaged in implementing a "facially valid court order." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994). All of the actions by Curry and Caudill that Shuler challenges

---

[1] To the extent the Shulers argue that Judge Harrington lacked jurisdiction to issue the writ because their house was exempt from execution, this claim is meritless because the judgment against Shuler was based in tort law, and "exemptions cannot be claimed from execution on a recorded tort judgment." Harris v. Jenkins, 90 So.2d 764, 765 (Ala. 1956).

4

were in furtherance of carrying out the writ of execution on the Shulers' property, which was validly issued. Therefore, Curry and Caudill are entitled to immunity as to the damages claims.

However, judicial immunity does not bar claims brought under § 1983 seeking injunctive and declaratory relief. Pulliam v. Allen, 466 U.S. 522, 536-37 (1984). In order to state a claim under the Equal Protection Clause, Carol Shuler was required to allege "that [s]he was discriminated against by establishing that other similarly-situated individuals outside of [her] protected class were treated more favorably." Amnesty International, USA v. Battle, 559 F.3d 1170, 1180 (11th Cir. 2009). Shuler's allegations fail to do so, because she did not plead that she has been treated differently from similarly situated individuals by Harrington, Curry, or Caudill. Accordingly, Carol Shuler has failed to state any violation of the Equal Protection Clause.

## C. Claims Against Swatek and McGarity

Finally, Carol Shuler contends that the district court erred in dismissing her claims under 42 U.S.C. §§ 1983, 1985 against William Swatek and Mike McGarity for failure to state a claim. Section 1983 provides a right of action only against "a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Although neither Swatek nor McGarity are state

officials, Carol Shuler argues that they can be held liable under § 1983 because they obtained a writ of execution against the Shulers' property and caused the writ to be enforced. However, this contention is insufficient to state a violation of § 1983, because "one who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process." Cobb v. Ga. Power Co., 757 F.2d 1248, 1251 (11th Cir. 1985).

As to Carol Shuler's claims under § 1985(3), the only claims that have been recognized by the Supreme Court as viable under § 1985(3) against private defendants are claims for deprivation of the right to interstate travel and freedom from involuntary servitude. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993). Carol Shuler's complaint does not state a violation of either of these rights, nor does she argue that the rights protected by § 1985(3) should be expanded. Therefore, Shuler fails to state a claim cognizable under § 1985(3).[2]

**AFFIRMED**

---

[2] We also affirm the dismissal of the Shulers' motions to disqualify Swatek as McGarity's attorney as moot, and the denial of the Shulers' motion to alter or amend the judgment, in light of the Shulers' failure to present newly discovered evidence or show any "manifest error of law" in the district court's judgment. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).